Please proceed Owners may please the court My name is Kay Parrish and I represent petitioner and appellant Rodney Donelson in this case in this case trial counsel herself Testified to and the state court found a fact that was completely contradictory to the record specifically that the two issues the DNA the Probability with the DNA evidence Existed in the same murder case that was being tried That wasn't in different murder cases in the two different murder cases that were being tried. That was not the case They existed in the same murder case. Now. This fact was the sole fact and the sole basis for Council's alleged strategic grounds for her decision to withdraw the motion to sever and for the state court finding of those strategic grounds From this we must draw to one of two conclusions either a counsel was testifying truthfully as To her thought process at the time of trial and she based her entire trial strategy on an unresearched mistake of fact uninvestigated mistake of fact or secondly, her strategy was at that didn't reflect her thought process at the time and her strategy at the asserted strategy strategy was merely a form of post hoc rationalization Which again is something that the state court in this court should not accept as a reasonable strategic grounds Were there any other grounds to compare and contrast? that seemed to be one of the conclusions that that that the The Missouri court came to which was that the strategy was to compare and contrast Are we to read that as only the DNA or was there a bigger compare and contrast? Theory on the table here The trial counsel in this case was actually very specific that it was the DNA evidence that she sought to compare and contrast So there was in terms of any asserted trial strategy. There was no other comparison and contrast contrasting done by trial counsel in an effort to kind of undermine The the prosecution's case it was only with regard to this DNA evidence and there was no other basis and as asserted in our briefing During the cross examination of the various DNA experts. There were three different experts who testified us to DNA One as to Cassandra Scott Kate's case and to after to Barbara Hampton's cases. There were no questions There was not a single question about the DNA in the other case So in in the actual cross-examination there was no Comparison and contrasting being done. No no effort to draw distinctions similarities or anything like that Your honor I think for that reason It's pretty clear that the state courts conclusion was based on an unreasonable determination of the facts the determination of the facts that was The only real factual finding the only the two other factual findings which were made by the state court was that this was her strategy and and secondly that that the argument there was some argument made based around that strategy and Because the only argument the only thing that that had to be done Was that was the basis that strategy was that fact? The those those other determinations of fact or completely determination that of that fact because that fact makes the entire strategy and reasonable your Let's assume all of that is true, right and then we're still left with this question is that you know, the the motion opposing joiners already been ruled on and the decision to withdraw is based on a highly implausible theory that perhaps Suispante the courts going to now decide to sever these two trials and at the end of the day What evidence is there that that anything really changed in any way? By this tactical decision that was made for an inappropriate or improper Unresearched reason I mean because ultimately at the end of the day, we're gonna have to look at this case and find out Well, well what's actually changed and and if in fact the fighting point is the issue of joinder? Someone's gonna have to show one the joinder wasn't it was improper and that the judge abused his discretion And if you look at Robinson and the cases following that in this circuit There's been deference given to judges who decide to join trials for judicial economy. This trial judge did give seven reasons. They seem Not to be all made up and pretend and then at the end You've got to show that somehow the outcome would likely have been different and while the district court said that I'm Struggling mightily to see just exactly what the basis is for that and what the what the understanding was for that So perhaps you could enlighten me Sure, your honor a couple of things first of all trial counsel herself testified that she had spoken with the trial judge and That was why she was concerned that the severance was going to be granted And your honor, I think with regard to these were two very different cases In Cassandra Scott's murder. They had all of the evidence they presented at trial in that murder it back it when the when the crime was first committed back in 2000 and The state did not charge that case until 2005 so just looking at that you can see the weakness of the case that that when all this evidence initially came in They didn't even charge the case because there wasn't enough evidence the only DNA evidence in that case had to do was the DNA that was found in the boxers and Rodney Donaldson was consistent that he had left clothes there and there was a very clear alternative suspect Ronald Dickens who was a known abusive boyfriend. Miss Scott had bruises and lacerations all over her body Mr. Dickens now happens to be under indictment in Tennessee for murdering another wife of his And and there was a lot of evidence that came out even in the prosecution's case That this could have been a case of a jealous boyfriend Finding the clothes of another man in this person's house and and and There being a murder that resulted dots in that and I think particularly and Ronald Dickens DNA was all over The house and Cassandra Scott's case the only place they found Rodney Donaldson's DNA was on those boxers, which he had consistently said he left there when he was doing work for her So I think the strength of that case is very very questionable with regard to the Hampton murder the murder weapon itself Had DNA of another individual on it that Was and for which Rodney Donaldson was excluded So there was some third individual in that apartment that had the the DNA on it that that had touched The murder weapon and we don't know who that was and we know that it was not Rodney Donaldson So I think in either of these cases there is a substantial likelihood that had these cases been severed had this unduly Prejudicial evidence Not been come in of the other murders, then we would There would have been a different outcome This is Jett Smith was the evidence regarding the other individual you mentioned Dickens Was that brought forth in trial? Yes In terms of the new indictment that didn't come out in the record That's something more recent. But but there was a lot of evidence and it was brought in through the prosecution witnesses they had Ronald Dickens testify himself that He had previously been he had previously Had incidences of domestic battery on his criminal record with regard to her and actually I'm not sure if they were ever prosecuted But certainly the police had come there was a downstairs neighbor Rodney Donaldson's brother Who had testified that they were constantly fighting there were bruises all over her body There were not any bruises in the body in the Barbara Hampton case, which the state's own expert testified suggested that She had she had been severely beaten before she was killed So that evidence did come in and it did come out at trial and there was a whole matter of defense Available in that that case and and to some extent that was pursued by trial counsel as well So you're making you're making some excellent points about why the chosen strategy was Perhaps not the best approach to this case, but What's your best authority for? The the way the court handled this the way the state court handled this was Unreasonable um your honor, I think there's a There's a number of cases that I cited to in my initial Briefing that talk about a reasonable determination of the facts of the facts. I think Miller L out of the Supreme Court is Decision on what an unreasonable determination of the facts is and one of the things that talks about in that case is The timing The the timing in which things were done and that that giving an idea of of whether or not this was pretextual You never hear anything in this case about comparing or contrasting the DNA evidence until the very first closing argument But even then it's not really compared and contrast and then again at the post-conviction hearing and I think that timing Mike and Miller L suggests a pretextual reason Additionally in this case in this circuit Gabbari versus Steele and what that looks out is is that this purported trial strategy of Arguing away the doctor's opinion that was an issue of Allowing in some testimony that wasn't shouldn't have been allowed in it wasn't a Strategy that was actually employed by trial counsel And I think that's what we see in this case if you look at there was no real opening statement in this case But specifically if you look at the cross-examination of the DNA experts There is no effort whatsoever to compare and contrast this DNA evidence and the argument is largely focused on Undermining the DNA evidence in the half in the Hampton case How do we factor in sort of I guess looping back a little bit to judge Erickson's question about Procedurally where the lawyer was in withdrawing a motion that had already been denied So do we have to then look to see what? in sort of the prejudice Would we have to conclude based on Missouri law that that that would have been reversed as a result of the evidence that you've been Describing and the way that the trial actually proceeded I think that the court needs to conclude that there is a reasonable probability And because this is a Strickland prejudice standard So there's a reasonable probability that had trial counsel to take it and taken a different action They would have been severed under Missouri law And I think if you look at the cases of Brown and saucy which I cited in my opening brief That does establish that reasonable probability the prejudice standard on appeal once improper joiner is found under Missouri law Is is actually it's almost presumed It's if they're improperly joined in order to determine that evidence of other crimes did not prejudice Defended the reviewing court must find beyond doubt that the tainted evidence did not affect the jury in its fact-finding process So I think those cases Brown and saucy established that I see that I have two minutes and 30 seconds left I believe the clock was at 15 minutes initially So I probably want to reserve the rest of my time for rebuttal my right on the time Yes I'll go ahead and reserve the rest of my time for rebuttal. Thank you judges. Thank you. Miss Parrish Mr. Sellman's Good morning, your honor. This is mr. Goodwin on behalf of the warden. I'm sorry. I've got my name's wrong again Go ahead. Mr. Goodwin. Thank you, your honor. May I please the court? This court cannot grant. Mr. Donaldson relief under EPPA's demanding standard And because mr. Donaldson does not deserve habeas relief on the facts of this case Here the state court cited Strickland. It set forth the Strickland standard It applied the Strickland test to the facts of the case and found that. Mr. Donaldson had failed to satisfy the Required showing under Strickland. That's not contrary to or an unreasonable application of clearly established Supreme Court precedent Although the state court's opinion did contain one factual error the state court's opinion did not Rely on or was not based on that mistake Instead the state court's decision was based on the fact that trial counsel strategy was to compare and contrast that DNA report Or those DNA reports rather from the two murders and then argue that the DNA from the murder scenes did not belong to mr Donaldson and that's why isn't that why doesn't that conclusion depend Nearly entirely on the factual statement that you've agreed is is erroneous that there was Mistake a in case a and mistake B in case B. How could you compare? What would that what would the compare and contrast of the DNA evidence between the two cases B? If it weren't relying on that fact or the erroneous fact, I think everyone agrees now Right, so your honor, let me answer your question in two points. The first point is that under Wood versus Allen from the I state Supreme Court when answering the question of whether there's been an unreasonable Application of the facts the court needs to look at all of the evidence in the record And when you look at trial counsel's closing argument, she sets forth an Explanation or an argument of the case that is completely consistent with what she did at trial Opposing counsel has in the brief and here at argument Contended that there should have been more vigorous cross-examination of the first DNA expert but that would have only served to highlight the fact that mr. Donaldson's DNA was found in seminal fluid in the boxer shorts immediately next to the dead bodies Instead what trial counsel did was highlight the errors that she found in the DNA report from mr I'm sorry from mrs. Hamilton's murder, which was the misspelling of the name as long as well as the fact that that haplotype was more prevalent in the Caucasian community and not the african-american community and then use that to argue that the law enforcement in the case essentially rushed to judgment and made mistakes and That because of that and because the state was arguing that the same person committed both murders that mr Donaldson did not commit the Hamilton murder and therefore that he did not commit the murder of miss Scott And I don't mean to be splitting hairs, but that almost just seems to be a general the police Didn't do a good investigation and it's sort of sloppy across the board as opposed to a compare and contrast Are you still suggesting that that's a compare and contrast? Yes, your honor And why that's a compare and contrast is it's a difference between the DNA Results that were found at each murder, right? It's a comparison between the two cases. That's that's the defense that trial counsel endorsed at the post conviction relief hearing and that's the defense that the record shows that she carried out and even though the Trial counsel was mistaken about those errors being in separate reports and even though the state court Repeated that mistake clear error under this court's precedence in the United States Supreme Court's precedence is not sufficient for an unreasonableness finding And so there's not been Enough there to get outside of Ed because highly deferential standard towards state court opinions The State court Identified Strickland as I've mentioned before and applied it to the facts of this case when finding the trial counsel's Strategy was reasonable. I know some of the other members of the panel have asked questions about the withdrawing of the motion the morning of trial The record Establishes that a witness was called pretrial and that a hearing was held on Wednesday Whether Joinder was proper or improper and the motion court found. I'm sorry the trial court found that that that Joinder was proper The risk of that if if trial counsel is correct That the motion court or I'm sorry The trial court would have granted the motion on the morning of trial that would have plunged the entire trial into chaos There's no indication in the record about which of the two murder cases would trial counsel would have been Expected to defend against and that's a radical change from trial counsel's Strategy all of which is imposed on trial counsel the morning of trials Strickland tells us that we have to review counsel's actions from the time at the time at which she made the decision and Withdrawing that motion the morning of trial if she's correct that there's a risk that it's granted is Reasonable a reasonable trial strategy to avoid have to completely change everything You know during the state's one year That's not a reason it was on the timing is it undisputed that that one of the two trials would have proceeded or was there any discussion of whether Given that kind of a change I would guess it would fought if in fact the district court that the trial court changed its mind and said no No Joinder here. These have to be separate I I would be surprised if there were not a motion to continue either from the state or or the defense Given that both of their approaches might change as a result. Was there any discussion and that in the transcript? No, your honor and it's mr. Donaldson's. It was mr. Donaldson's burden to prove prejudice and deficient performance Both in the state court and here in federal court So where the record is silent and this is burnt versus Titlow from the United States Supreme Court in 2013 where the record is silent. That's a failure of the Relief cannot be granted So to the extent that there's not information and either the trial record the post eviction relief record or the record before this court That weighs against granting relief to mr. Donaldson not towards granting relief to mr. Donaldson So in addition to the the Point that there's not been an unreasonable application of the facts here. There's also not been an unreasonable Application of Strickland or a decision that is contrary to clearly established Supreme Court precedent Your honor the United States Supreme Court doesn't require state courts to be aware of or even cite to Supreme Court precedent. It only requires that the analysis that the court does be consistent with or rather not contrary to that clip that clearly established precedent which in this case is Strickland and the One word that mr. Donaldson has focused on does not establish an unreasonable application or a contrary to application in this case because the Supreme Court or the rather the state court correctly identified the governing standard and Found made the required finding that trial counsel exercised a reasonable trial strategy I'd like to ask you about the jointer question under Missouri law Is what's your view on whether what would have happened on on appeal in Missouri This is a tough one to sort of warrant to at least after the fact after you see all of the evidence come in Should this have been joined to begin with? your honor All right. So there's a couple pieces of the courts question there. What would have happened on appeal? That question is not directly before the court because there's not a claim of ineffective assistance of direct appeal counsel and mr Donaldson did not raise a claim that trial counsel was ineffective for not preserving the question. So for this court What it has to grapple with is the fact that the only Missouri court to review this question Which is the motion court which made its decision after hearing evidence It's not a case where there was just argument on emotion the state produced a witness that testified to the similarities between the cases and the motion court found there to be Sufficient cause under Missouri law for jointer to be proper and for severance to be improper and this court can't look behind that decision severance and jointer is a question of state law and this court is bound by the decisions of a Missouri court on On a state court question. There's ample reasons in this case for jointer Why jointer was permissible, which is why the motion court found found. So the murders occurred within a mile of each other Both women were found murdered in their apartments Both women were found with either without panties or with their panties removed Both women were found with a strap around their neck or some other instrument to cut off their airway Telephone cords were found near both women Liquids were used or near the women to dilute the physical evidence on the women In fact an empty bottle of rubbing alcohol one of which in mrs. Hamilton's murder had mr. Donaldson's DNA on it Were found near the women both women were acquainted with. Mr. Donaldson, although for different reasons Mrs. Scott worked with mr. Donaldson Mrs. Hamilton Lived above or rather below mr. Donaldson and Both women were found with kitchen knives Apparently used in the merge Mr. Hamilton, or I'm sorry. Mr. Donaldson's DNA was found in mrs. Hamilton's case on the bloody bed pillow Where mrs. Hamilton was apparently murdered her body was found next to the bed in addition to being found On the the rubbing alcohol cap and mrs. Scott's case mr. Donaldson's DNA was found in his seminal fluid on the boxer shirt on his boxer shorts immediately next Next to the the murder victim and finally mrs. Hamilton's case The testimony was that she answered the phone Or was on the phone rather with her daughter when mr. Donaldson came to the apartment. She had told her daughter Hey, mr. Donaldson is here and that's the last person to see her alive. So there's people mr. Goodman, this is judge Smith. Was there anything in the record to indicate why? What the five-year gap in the occurrence of these offenses in the and and then the additional time to to pursue a prosecution against this defendant when There was as you say Significant evidence tying him to the first crime Your honor the if I understand the court's question The court is asking if there's an act if there's an explanation in the record for why? The state waited to file criminal charges against mr. Donaldson and no there is not an indication So it's not the case that the record shows as my opposing counsel has argued that the state believed the evidence was too weak to Proceed to trial. There's simply no information in the record as to why the state of Missouri Decided not to bring charges early But again under Burt versus titlow where the record is silent that those are not a silent record does not Have mean that there are facts that support. Mr. Donaldson's claim for relief that weighs against mr. Donaldson because he had the burden of proof in both cases And of course the five years between the two the passage of time is only one factor under Missouri's jointer law And so even if that factor weighs against joining the cases That's not a sufficient reason to grant jointer or rather to grant severance and to find that there was improper jointer And for also for all the reasons that I've just mentioned in addition to the fact that mr. Donaldson lied to the police repeatedly Every time he was interviewed on either murder and under Missouri law that's affirmative evidence of his consciousness of guilt So that also goes to show mr. Donaldson's guilt in this case and all of that demonstrates why there would not have been prejudice in this case had The motion or rather had trial counsel not withdrawn that motion But of course the court only gets to de novo review of trial counsel's performance and whether there was prejudice If it can pass or if it does rather pass through the edpa deference Edpa is a highly deferential standard. It's a difficult standard to meet It's meant to be difficult to meet according to this court and to the United States Supreme Court and mr Donaldson simply has not met that standard in this case. I See that I have another minute left if there are no further questions from the court, I'll end my argument Thank You, mr. Goodwin, thank you Miss Parrish your rebuttal. Thank you judges. Um, first of all the my opponent Suggests a lot of strategic grounds that were not proposed by counsel a lot of possible strategic grounds Counsel did not testify that those were her strategic grounds And and this it's not this court's job and there's I've cited the case law in my brief briefing which discusses. It's not the courts The court's responsibility to come up with strategic grounds which which counsel herself and the record itself did not support So there was nothing in counsel's testimony Suggesting that she wasn't ready for the two cases Or that anything like that would have happened and there's also your honor. It's correct There's there's nothing suggesting that a motion to continue wouldn't have been granted Or that it would have so so there's just too many things We don't know in order to accept those as reasonable strategic grounds when we know the grounds asserted were not strategical The other thing I want to point out your honor. There was almost no overlap of evidence in this case so that means one these cases could have been tried separately and the council should have been prepared for them and Secondly, that's not it. That wasn't really a grounds for joining or not severing the cases Mr. Goodwin suggests that the issue of Council's failure to preserve the evidence was not raised what preserved the issue for appeal was not raised The issue that was raised with it was a withdrawal of the motion to sever and what was discussed in that Partly what was discussed and that came out in the post conviction hearing was the fact that that Operated as a full waiver of the issue in appeal. So I think that issue was properly waived Secondly and and finally Mr. Goodwin speaks a lot about the standard under 2254 and the question of whether plausible is the same thing as reasonable It is not this was not a painstaking decision The court the state court in this case cited Strickland and cited reasonableness But it didn't go into any of the detailed analysis of what reasonableness is under Strickland rather it equated plausible with reasonable Reasonableness under Strickland though requires a decision among plausible options and Uses that language. I just have one question about that That is sort of procedural that no one's raised But I went through my mind as I was reading the briefs that if in fact the claim is is that the Missouri Court of Appeals decision is not a reasoned opinion Do we look back at the original? Trial judges First habeas hearing and look at that is the first reasoned decision of the court for the last reason decision of the court And your honor, I'm out of time it is you want me to go ahead and answer the question Okay. Thank you Your honor. I think the law on that is that you look at the last reasoned decision of the court and I think that's particularly appropriate in this case because I don't think the Original circuit courts decision can be fit be considered a final decision There's suggestion in the record that it was under reconsideration. It was not a decision It was not an issue that was raised in the new trial motion and under Missouri law an affirmative waiver like that ways So you can plain error review on appeal? So I I don't think so. First of all, I think the habeas law suggests that That we look at the the last reasoned decision of the state courts and And but with regard to the underlying severance issue, I don't think the circuit court Can be considered a final decision and I do think there's plenty of precedent out there for Evaluating these issues even when the circuit court the initial circuit court is ruled against you. So thank you judges Thank you. Miss Parrish. Thank you. Also, mr. Goodwin court appreciates both councils presence before us This morning. We appreciate the argument that you've provided in the briefing that's been submitted and we will take the case under advisement councilman